## McGreggor et al. *v.* State, ex rel. Ballard.

[No. 4,563.   Filed October 15, 1903.]

Schools.— *Teacher Without License.*— *Payment.*— *Injunction.*— Neither §5903 nor §5911 Burns 1901, authorizes a suit by the State on the relation of the county superintendent of schools to enjoin a township trustee from paying a school teacher out of the school revenue for services rendered in teaching school, on the ground that the teacher was without license.

From Gibson Circuit Court; *O. M. Welborn,* Judge.

Suit by the State, on the relation of John T. Ballard, against James H. McGreggor and others.   From a judgment for plaintiff, defendants appeal.   *Reversed.*

*L. C. Embree* and *Luther Benson,* for appellants.
*W. W. Medcalf,* for appellee.

Roby, J.—This action was brought in the name of the State of Indiana, on the relation of John T. Ballard, superintendent of public schools of Gibson county, against George W. Smith, trustee of Montgomery school township, and James H. McGreggor, a teacher employed by said trustee.

It is averred that said trustee is threatening to pay out of the school revenue, and that McGreggor is threatening to collect pay for his services in teaching a certain school in said township.   The teacher is averred to have been without any license to teach in the public schools.   To the complaint, McGreggor's demurrer was overruled, answer was filed, trial had, and a special finding of facts made, conclusions of law stated, and judgment enjoining the trustee from paying to McGreggor any money out of the school fund of Montgomery township for services as teacher for the term beginning September 24, 1900.

The power of the superintendent to maintain the proceeding in the name of the State upon his own relation is

challenged by the demurrer, and denied in the argument. There is no attempt to set up any private interest as a taxpayer or citizen, and the first question to be determined is as stated. In appellee's behalf, attention is called to two sections of the statute, under either of which, it is claimed, the action is well brought. In fixing the general duties of the officer, the following language is used, in connection with other provisions: "That the county superintendent shall have the general superintendence of the schools of his county." §5903 Burns 1901. The school, for teaching which the trustee is alleged to be threatening to pay, was concluded before this suit was brought. To superintend, as the word is here used, means to have charge and direction, to regulate the conduct and progress of. The school being no longer in existence, it is not possible to give it further superintendence. The action has for its primary purpose, not the supervision of the school, but the protection of the finances of the township. The character of supervision, thus directed in general terms, is indicated by the following clauses of the statute, from which it appears that visitation of the schools while in progress, attendance at and conduct of teachers' institutes, and generally the elevation of the standard of teaching, were contemplated. The statute does not, either expressly or by implication, confer the right to institute injunction proceedings against trustees.

The further provision relied upon has to do with the school fund, and is as follows: "The official dockets, records and books of account of the clerks of the courts, county auditor, county commissioners, justices of the peace, prosecuting attorneys, mayors of cities, and township and school trustees, shall be open at all times to the inspection of the county superintendent; and whenever he shall find that any of said officers have neglected or refuse to collect and pay over interest, fines, forfeitures, licenses or other claims due the school funds and revenues of the State, or have misapplied the school funds or revenues in their possession, he

shall be required to institute suit in the name of the State of Indiana for the recovery of the same, for the benefit of the school funds or revenues and make report of the same to the board of county commissioners and to the state superintendent." §5911 Burns 1901. The superintendent may sue on his own relation under this section for the recovery of moneys misapplied by a school trustee. *Carr* v. *State, ex rel.,* 81 Ind. 342; *Nichols* v. *State, ex rel.,* 65 Ind. 512. It does not give or purport to give him any general power over the school fund. It does not make it his duty to protect the fund. His connection therewith is limited to the recovery named.

The complaint does not contain any allegations tending to show that the remedy at law is not adequate. It is not necessary to the discharge of the duty imposed upon the superintendent by this statute that power on his part to bring injunction proceedings be implied. No other warrant for the action than the sections cited has been claimed, and none is known. The court therefore erred in overruling the demurrer to the complaint.

Judgment reversed, with instructions to sustain such demurrer, and for further consistent proceedings.