ADVISORY BOARD OF COAL CREEK TOWNSHIP
OF MONTGOMERY COUNTY, ET AL. *v.*
LEVANDOWSKY ET AL.

[No. 6,721. Filed January 29, 1907.]

1. TOWNSHIPS.—*Advisory Boards.—Powers to Bring Suits.*—Township advisory boards, being creatures of the statute, may maintain actions only where expressly authorized. p. 225.

2. PARTIES.—*Plaintiffs.—Improper Joinder.—Effect.—Complaint.*— The joinder of a township advisory board with taxpayers in a complaint to enjoin the alleged unlawful expenditure of money, is fatal, where such board is not expressly authorized by statute to sue. p. 226.

From Montgomery Circuit Court; *Joseph Claybaugh,* Special Judge.

Suit by the Advisory Board of Coal Creek Township of Montgomery County and others against Peter Levandowsky and others. From a judgment for defendants, plaintiffs appeal. *Affirmed.*

*Clyde H. Jones, John B. Murphy, George P. Haywood* and *Charles A. Burnett,* for appellants.

*Benjamin Crane, Charles M. McCabe, A. W. Reynolds* and *Will R. Wood,* for appellees.

ROBY, J.—Suit by the Advisory Board of Coal Creek Township of Montgomery County, and the members thereof in their own behalf as taxpayers, for an injunction against

the defendants to prevent them from carrying out a contract for the construction of a schoolhouse in Wingate, Indiana, at a cost of $28,000. The complaint was in two paragraphs. A demurrer for want of facts addressed to each paragraph was sustained. Plaintiffs reserved exceptions and refused to plead further. A judgment was thereupon rendered against them, from which they appeal.

The power of the advisory board to maintain the suit is challenged by the demurrer and denied in argument. It is insisted by appellees that the statute does not confer the express power upon the advisory board to bring a suit for an injunction, which is the character of the one now under consideration. Section 9595 Burns 1908, Acts 1901, p. 415, §1, makes it the duty of the board to institute and prosecute an action in the name of the State for the use of the township to recover upon the bond of a trustee when he has paid an unauthorized debt; and by §9597 Burns 1908, Acts 1901, p. 415, §2, upon failure of the trustee to file a copy of his report with the auditor within ten days from final settlement, the advisory board is required to collect by suit, for the benefit of the township, $5 per day for each day's delay. No express power to bring other suits is conferred upon the advisory board. The advisory board is what its name imports —advisory to the township trustee, who makes contracts with its consent and approval and has the care and management of all property belonging to the township. §9565 Burns 1908, §5993 R. S. 1881; *Advisory Board, etc., v. State, ex rel.* (1905), 164 Ind. 295; *Advisory Board, etc., v. State, ex rel.* (1906), 166 Ind. 237. In the absence of express authority to sue, the advisory board cannot maintain an action, and such authority will not be implied. The case of *McGreggor v. State, ex rel.* (1903), 31 Ind. App. 483, is analogous in principle. The county superintendent is quite as closely connected with the employment

of teachers in the public schools as the advisory board is with the construction of a schoolhouse, and no express authority is given by which either of them may institute suits in equity to obtain injunctions.

The advisory board not being a proper party plaintiff, the designation of the individual members of such board as plaintiffs and taxpayers does not make the pleading good. It must state facts sufficient to constitute a cause of action in favor of all who join as plaintiffs. *Indianapolis Nat. Gas Co.* v. *Spaugh* (1897), 17 Ind. App. 683; *Brumfield* v. *Drook* (1885), 101 Ind. 190, 197; *Martin* v. *Davis* (1882), 82 Ind. 38.

It follows that the demurrers to the paragraphs of complaint were correctly sustained. Whether the facts stated were otherwise sufficient is not decided.

Judgment affirmed.