## COLEMAN *v.* CITY OF GARY.

[No. 27,717.   Filed October 13, 1942.   Rehearing denied
November 4, 1942.]

448

*Willis C. McMahan* and *J. Edwin Smith,* both of Gary, for appellant.

*Ellis Bush, David P. Stanton,* and *Oscar B. Thiel,* all of Gary, for appellee.

SWAIM, J.—The appellant instituted an action in the Lake Superior Court seeking to review the action of the civil service commission of the City of Gary, demoting him from the rank of sergeant to patrolman in the police department of said city; and praying that the appellee city be ordered and directed to restore him to the rank of sergeant. The venue of the action was changed to the Jasper Circuit Court where an amended complaint was filed.

The sole error relied upon by the appellant was the action of the trial court in sustaining the demurrer to the amended complaint.

Appellant's amended complaint alleged that on March 6, 1939, and prior thereto, he was a sergeant in the police department of the appellee city and continued to hold this rank until January 1, 1940, on which date the civil service commission of said city adopted a resolution declaring his position as sergeant of said police department vacated.

That thereafter the appellant, together with other members of said police department who had been likewise demoted by said resolution, filed an action in the Lake Superior Court, Room 4, seeking a declaratory judgment adjudging and declaring said action of the commission void and illegal. That cause of action culminated in a judgment adjudging and declaring that said resolution of said commission, in so far as it attempted to vacate the position of sergeant, then held by plaintiff (appellant), was illegal and void; and that Rule No. 21 of the civil service commission, concerning demotions, was valid.

That said Rule No. 21, as amended, and as in force during all the times herein considered, provided that all demotions in the department should be made wholly for cause by the chief of police or the civil service com-

mission; that the written reasons therefor should be forthwith certified by the chief of police to the commission and written notice of such action served on such person; that any person so demoted should have a right to appeal from such action to the commission, which should conduct a hearing thereon in the same manner as hearings are provided by law upon charges for dismissal of members of the police force.

That after the entry of the judgment of the Lake Superior Court declaring the demotion of the appellant void, the city attorney of said city and two of the three members of said civil service commission, in order to avoid and circumvent said judgment, entered into a conspiracy and agreement to take certain steps which would secure the demotion of the appellant; and they further agreed that they would carry out the steps and proceedings so agreed upon without respect to the legality of such proceedings; that pursuant to this conspiracy said city attorney prepared a resolution which was adopted by said commission on July 22, 1941, reinstating the appellant to the rank of sergeant. On the same day, and as a further step in said conspiracy, the chief of police of said city served notice on the appellant, which notice recited that the appellant was demoted from a sergeant to patrolman as of that date "in the interest of efficiency and in the spirit of civil service"; that the chief of police desired that all ranking officers "should hold their rank through competitive promotional examination" and that inasmuch as the appellant and the other officers of said department did not hold their rank through such an examination it was necessary that each of them be demoted to patrolmen. The chief of police advised the commission of this action in writing.

That prior to the meeting on July 22, 1941, said

attorney and said two members of said commission met together and agreed that the third member of said commission should not be informed of their proposed action prior to the meeting; and that at the meeting said resolutions would be introduced and voted through by the two conspiring members constituting a majority of said commission, which plan was followed. On July 28, 1941, the appellant filed his notice of appeal from such demotion, together with his demand for hearing on said appeal, alleging in the notice of appeal that said demotion "was arbitrary, capricious, illegal and void"; and that said notice failed to charge the appellant with any action which constituted a cause for demotion; that said demotion was made in an effort to avoid the decision rendered by the Lake Superior Court, Room 4, and was based purely upon political reasons and was the result of said conspiracy.

That thereafter the commission held a purported hearing on said appeal and on September 9, 1941, rendered a decision confirming the demotion and denying the appellant's demand for reinstatement; that said hearing on said appeal was illegal and void because two of the members of said commission prior to July 22, 1941, had agreed and decided that the appellant should be demoted and had, prior to said hearing, determined upon the plan of action which would result in the appellant's appeal to the commission being denied and the demotion confirmed; that the reasons and charges set out in the notice of demotion signed by the chief of police and served on the appellant did not constitute any real basis or foundation for demotion; that there was no evidence introduced at the hearing to sustain the action of the commission in confirming the demotion; that the only evidence introduced on the hearing was the testimony of the chief of police to the effect

that he did not have any personal information as to any act of the appellant that would justify charges against him; that he (the chief of police) had never made any complaint to the civil service commission relative to the conduct of the appellant; that he was responsible for the appellant's appointment to sergeant because he then thought the appellant was capable of handling the position and that he still thought so; and that from the time the appellant was reinstated as sergeant on July 22, 1941, until he was later demoted on the same day, the chief of police had no occasion to find any fault with his work as a sergeant.

The appellant's amended complaint concluded with a prayer that the decision of said civil service commission be reversed and held to be void and of no effect; and that the defendant be ordered and directed to restore the appellant to the rank of sergeant of the police.

To this amended complaint the appellee city filed a demurrer on the grounds that: (1), The Jasper Circuit Court had no jurisdiction of the subject-matter of the action; (2), there was a defect of parties defendant in this: the civil service commission for the police de-department of the City of Gary, Indiana, and William J. Linn, as chief of police, were necessary parties defendant; and (3), the complaint did not state facts sufficient to constitute a cause of action.

The appellee contends that if this action was an appeal the court had no jurisdiction because no statute authorized such an appeal and that if the amended complaint did not constitute an appeal it amounted to the commencement of a new cause of action in mandamus without filing an original complaint and the issuance of summons thereon and that it was not commenced in the county where the defendant resided

The Jasper Circuit Court is a court of general jurisdiction and as such has jurisdiction of actions for mandatory injunctions. § 3-201, Burns' 1933, § 1061, Baldwin's 1934.

A so-called "appeal" from the action of a municipal board in dismissing a police officer has been described by this court as being in the nature of a mandatory injunction. *City of Elkhart* v. *Minser* (1937), 211 Ind. 20, 25, 5 N. E. (2d) 501.

The fact that neither the rules of the civil service commission, nor any statute, authorized an "appeal" to the courts does not prevent the courts, in a proper action, from restraining such a commission or board from fraudulent, capricious and illegal actions. A court, in a proper action, may investigate the acts of such a commission to determine if such acts have been arbitrary, capricious, fraudulent and illegal. Such an investigation by the court is for the purpose of determining whether the commission acted within its legal jurisdiction. The jurisdiction of the courts to so investigate the action of an administrative board is not dependent on statutory authorization of an "appeal" to the courts from the decision of such a board. *Roth et al.* v. *The State ex rel. Kurtz, et al.* (1902), 158 Ind. 242, 63 N. E. 460; *City of Elkhart* v. *Minser, supra; Lloyd* v. *City of Gary* (1938), 214 Ind. 700, 17 N. E. (2d) 836.

The appellee, by a writ of *certiorari*, has caused the original complaint in this action to be brought before us thereby attempting to show that the action, as originally instituted, was only an appeal from the decision of the commission. The filing of the amended complaint without objection by the appellee took the original complaint out of the record and the amended complaint became the sole statement of the

appellant's cause of action. *Kempton Lodge, etc.* v. *Mozingo* (1913), 180 Ind. 566, 103 N. E. 411. Both the original and amended complaint, however, alleged illegal acts of the commission in demoting the appellant and praying for relief therefrom. Both complaints presented actions of which the Jasper Circuit Court had jurisdiction.

The third statutory ground for demurrer urged by the appellee is that the complaint did not state facts sufficient to constitute a cause of action. As supporting this ground the appellee contends that the appellant had no vested right in his rank as sergeant in the Gary police department; and that the complaint failed to show that the demotion of the appellant was illegal.

It has long been recognized in this State that better police service is insured by police departments being free from political control and by the members of such departments having a tenure of office dependent only on their ability to perform and conscientious performance of their duties.

By the Acts of 1905, ch. 129, § 160, § 48-6105, Burns' 1933, § 11478, Baldwin's 1934, it was provided that policemen should hold office until they were removed by the board of police commissioners; that they might be removed for any cause other than politics after an opportunity for a hearing; and that the written reasons for such removal should be entered upon the records of such board. This statute also provided that for certain offenses by any member of the police force the commissioners should have the power "to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or reducing him or her to a lower grade and pay." This section of said act was amended in 1933 by providing for a notice to the officer and an opportunity for hearing before removal, and by providing for

an "appeal" from any decision of the commissioners dismissing such officer or suspending him for any period in excess of thirty days. Acts of 1933, ch. 86, § 1, § 48-6105, Burns' 1933 (Supp.), § 11478, Baldwin's Supp. 1935.

By an act of 1935 (Acts 1935, ch. 89, § 48-6136 *et seq.* Burns' 1933 (Supp.), § 11851 *et seq.* Baldwin's Supp. 1935, a merit system was provided for the police departments of cities of the first class. By § 6 of said Act it was provided that all demotions in rank of the officers or members of the police force should be made solely for cause by the chief, "which demotion and the written reasons therefor shall be forthwith certified by such chief to the department of public safety, and written notice of such action shall be served on such person; . . ."; and that the person so demoted should have a right to appeal from such action to the department of public safety.

In 1939 the Legislature enacted a statute which provided for the appointment of a civil service commission in cities of a certain classification which included Gary, and which statute provided that such commission, subject to the provisions of the statute, should "prepare, adopt, promulgate, supervise and enforce rules and regulations to govern the selection, appointment, reappointment and reinstatement of persons to be employed as members of the police department of such city," and should "likewise prepare, adopt, promulgate, supervise and enforce rules and regulations concerning promotions and *demotions* for members" of such police department. (Our italics.) Acts of 1939, ch. 37, § 3; § 48-6154, Burns' 1933 (Supp.); § 12093-9, Baldwin's Supp. 1939. This statute provided for certain necessary qualifications for appointment to the department; for physical and mental examinations of all applicants;

for the instruction of applicants in a school to be established by the commission; and for a probationary appointment for nine months to precede the permanent appointment of any applicant. Acts of 1939, ch. 37, § 4; § 48-6155, Burns' 1933 (Supp.) ; § 12093-10, Baldwin's Supp. 1939. This act also provided that "Dismissals, suspensions and punishments of members of the police department shall be by the commission and shall be for the causes, except as herein otherwise provided, and under the same rules of procedure including the right of appeal as are now or may hereafter be provided by laws pertaining thereto for cities included in the classifications of this act; . . ." Acts of 1939, ch. 37, § 5; § 48-6156, Burns' 1933 (Supp.) ; § 12093-11, Baldwin's Supp. 1939.

It is clearly the intention of this act to improve the police departments of said cities by providing for the appointment and promotion of the members thereof on a merit basis.

A study of other related acts and of this act as a whole discloses that it was the intention of the General Assembly that original appointments, promotions and rank secured by members of the police department, should be retained by such members unless dismissal or demotion was justified by some cause personal to the particular member. The 1939 Act, *supra,* left it to the civil service commission to "prepare, adopt, promulgate, supervise and enforce rules and regulations concerning promotions and demotions." Under and pursuant to this provision of the act, the civil service commission of the City of Gary, on June 3, 1941, adopted § 21 of the Rules of the civil service commission which provided that demotions should be made "solely for cause" by the chief of police or by the commission; that the written reasons for such demotion

should be certified by the chief to the commission and notice thereof served on the demoted person; that the person demoted should have the right to appeal from such action to the commission; that on such an appeal the commission should conduct a public hearing "in the same manner as hearings are provided by law upon charges for dismissal . . . except that the decision of such commission shall be final and conclusive"; and that "Any officer demoted through no fault of his own shall automatically be placed upon the eligible list for the position he vacated."

This rule, duly adopted by the commission under the authority of the 1939 Act, had the force and effect of law so long as it was in force. *Wallace* v. *Dohner* (1929), 89 Ind. App. 416, 165 N. E. 552; 10 Am. Jur. 925, § 5.

Although the commission may have the authority at any time to change such a rule, so long as a valid rule of the commission remains in effect it is binding on the commission as well as on the members of the department. To be valid the action of the commission must conform to the rules of the commission which are in effect at the time the action is taken. *Taylor* v. *McSwain* (1939), 54 Ariz. 295, 95 P. (2d) 415.

This rule here involved stated that demotions should be only for cause. This court has held that a statute which provided that a member of a police department might be removed by the board of public safety for any cause other than politics, and that the written reasons for such removal should be entered on the records of said board, did not permit the dismissal of a member of such police department for any cause other than some dereliction or general neglect of duty, or some delinquency affecting the general character of the officer, or his fitness for holding the office,

or his incapacity to discharge the duties thereof. *Roth v. State, ex rel.* (1902), 158 Ind. 242, 63 N. E. 460. The rule in question in the instant case clearly contemplates that except in cases of forced reductions in the number of officers in the department, demotions were only to be for causes personal to the person demoted.

The provision of the rule that in the event of an officer being demoted through no fault of his own he should automatically be placed upon the eligible list for the position he vacated, clearly shows the intention of the commission that no officer should be demoted except for a cause which was his fault, unless there was a forced reduction in the number of officers, in which event the one demoted was to be automatically placed on the eligible list for reappointment to the same rank from which he was demoted. This provision of the rule made invalid the requirement of the commission in the instant case that the officer so demoted pass an examination to prove himself qualified to be placed on such eligible list.

The hearing accorded to the appellant on his appeal from the demotion was also invalid. The hearing which the commission was required to conduct under the provisions of its Rule No. 21 was for the purpose of determining whether the demotion had been justified by the facts. The rule required the hearing of evidence on which to base a decision. The demotion could not be affirmed without some substantial evidence tending to show a legal cause for the demotion. In the instant case the complaint alleged that the only evidence heard was the testimony of the chief of police which was favorable to the appellant. The decision by the commission being unsupported by any substantial evidence was void and should be set aside by the courts.

While the courts will not interfere with the exercise of discretion by the commission in such a case as this, and will not weigh evidence which the commission has heard and which has some reasonable relation to the fitness and capacity of the person who has been demoted, it is the duty of the court to declare void the action of such a commission in affirming the demotion of an officer where there has not been a fair hearing accorded to such officer on his appeal to the commission. It is not sufficient that the commission follow the formal procedure provided by the statute and the rules of the commission. The law requires more than mere formality. It requires a valid cause assigned for demotion and a fair hearing in which evidence tending to support the decision of the commission is heard and considered. *State ex rel. Felthoff* v. *Richards* (1932), 203 Ind. 637, 180 N. E. 596.

The amended complaint stated facts sufficient to show that the action of the commission in relation to the demotion of the appellant was illegal and on proper proof of such facts it would be the duty of the court to declare such action void and to set aside the demotion. *State ex rel. Felthoff* v. *Richards, supra.*

The second ground for demurrer urged by appellee was that there was a defect of parties in that the civil service commission for the police department of the City of Gary, Indiana, and William J. Linn, as chief of police of said city, were necessary parties defendant. The commission could not be sued because the statute creating such commission did not authorize it to sue or be sued. Acts of 1939, ch. 37, pp. 132-140; *Advisory Board of Coal Creek Twp., etc., et al.* v. *Levandowsky et al.* (1908), 43 Ind. App. 224, 86 N. E. 1024.

An examination of the statute creating the commis-

sion and defining its powers and duties discloses that it is merely an agency or instrumentality of the city and has no independent existence. It is not such a separate legal entity as may sue or be sued without express statutory authority.

The chief of police is simply an officer of the city, acting for, and subject to the control of, the city. He was not a necessary party defendant to this action.

In the ordinary action against a city the officers and agents of such city are not necessary parties defendant. Vol. I, Watson's Rev. of Works Practice & Forms, § 265, p. 177. The prayer of the complaint in the instant case asked that the decision of the civil service commission demoting the appellant be in all things reversed and held to be void and of no effect. If this had been the only relief prayed for the complaint would have shown no necessity for making the members of the commission parties defendant. They had made the decision as members of the commission for and on behalf of the city. In this they had acted only in their official capacity. They had no such interest in their action in demoting the appellant as would make them necessary parties to a suit which sought only to have their action declared illegal and void. If the court held their action in demoting the appellant void this would affect the city for which they were acting but would not affect the members of the commission. *Hester* v. *Town of Greenwood* (1909), 172 Ind. 279, 88 N. E. 498.

In its brief the appellee raises the question as to the possibility of enforcing a mandatory injunction when the members of the commission are not parties defendant. Since the complaint does state facts sufficient to constitute a cause of action to have the decision of the commission held illegal and void and since the city was the only necessary party to such

action, it is unnecessary for us to determine whether the members of the commission were necessary parties defendant in order to give the court power to bind such members by an order requiring that appellant be reinstated as a sergeant. If the complaint stated a good cause of action as against the city and showed the appellant entitled to some relief a demurrer should not be sustained for a failure of the complaint either because of insufficiency of facts or of the parties to show him entitled to all of the relief prayed for. A complaint is sufficient as against a demurrer if it shows the plaintiff entitled to any relief against the defendant. *Searle* v. *Whipperman* (1881), 79 Ind. 424; *Morey et al.* v. *Ball* (1883), 90 Ind. 450; *Muncie, etc., Traction Co.* v. *Citizens Gas, etc., Co.* (1913), 179 Ind. 322, 100 N. E. 65.

While the question was not raised by the demurrer, the appellee in its brief contends that if this be an action in mandamus there is a defect of parties plaintiff in that the action was not brought in the name of the State. Since this is not a statutory action for mandate it was not necessary that it be brought in the name of the State.

The judgment is reversed with instructions to overrule the demurrer to the amended complaint and for further proceedings consistent with this opinion.

NOTE.—Reported in 44 N. E. (2d) 101.