**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Nov 21 2013, 10:19 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS:

**MACARTHUR DRAKE**
Gary, Indiana

ATTORNEY FOR APPELLEES:

**CLORIUS L. LAY**
Gary, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

KEITH ELLER, NATHANIEL HALL, and JEFFERY TATUM, )
)
)
Appellants-Plaintiffs, )
)
vs. )  No. 45A04-1212-PL-662
)
CITY OF GARY, GARY POLICE CIVIL )
SERVICE COMMISSION, and VERGIE )
THORNTON, )
)
Appellees-Defendants. )

APPEAL FROM THE LAKE SUPERIOR COURT
The Honorable John R. Pera, Judge
Cause No. 45D10-0909-PL-112

**November 21, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**FRIEDLANDER, Judge**

Keith Eller, Nathaniel Hall, and Jeffery Tatum (collectively, Appellants) appeal the trial court's denial of their motion for summary judgment and its grant of the City of Gary, the Gary Police Civil Service Commission, and Vergie Thornton's (collectively, the City) motion for summary judgment.

We affirm in part, reverse in part, and remand.

At least every two years, officers of the Gary Police Department may compete for placement on an eligible promotional list. Ranking on the list is based on an officer's written exam score, performance record, length of service, oral interview, recognition for exemplary conduct, and past disciplinary actions. Officers who have been in their current rank for at least two years may take the written exam. To be interviewed, officers must achieve at least a minimum passing score on the written exam. Officers are promoted, as needed, in order of their ranking on the eligible promotional list, which expires after two years.

Pursuant to Gary Ordinance 5881 and its amendments, the Gary Police Civil Service Commission (the Commission) has adopted Rules to Govern Police Officers and Rules of Procedure (the Rules). Section V of the Rules is entitled Rules and Regulations Concerning Promotions and Demotions. Relevant to this case are the following paragraphs:

> 7. The name and any means of identification of any member taking this competitive or qualifying examination…shall be withheld and made unavailable to the person or persons grading the examination and all written competitive examinations shall be treated and filed as confidential.
> 8. Any member aggrieved with the grade received on the written competitive examination shall have the right to appeal in writing to the Commission for a review of the grade within ten (10) days after the notice of the grade has been sent to him. The Commission, after reviewing the grade and the examination papers, shall have the authority to affirm the grade or to correct the grade according to the findings of the review.

2

*Appendix* at 39.

Officers Eller and Hall participated in the promotional process in 2006 and took the written exam on June 17, 2006. On July 20, 2006, both officers were sent letters indicating that they had failed the exam.[1] Hall sent a letter to the Commission on July 6, 2007, requesting an appeal, and Eller sent a similar letter on July 7.[2] Although the appeal letters were placed in the respective officer's file, only Hall's was file-stamped by the administrator, Virgie Thornton, and processed.

Thereafter, Hall received a letter from the Commission indicating that his appeal was scheduled for September 22. On that date, he (and other officers) met with a representative of Stanard & Associates, Inc. (Stanard), a private contractor from Chicago hired to conduct all aspects of the written examination. After this meeting, Hall sent another letter to the Commission setting out the specific grounds for his appeal and requesting a hearing before the Commission.

On October 11, Stanard sent a letter to the Commission setting out the nature of Hall's appeal and recommending that the promotional list stand and that no adjustment be made to Hall's score. Thereafter, at the November 2006 Commission meeting, the Commission accepted the recommendations of Stanard "as a final decision" of Hall's appeal and notified

[1] The City incorrectly asserts throughout its appellate brief that the written grade notifications were sent to Eller and Hall on June 20, 2006. At the summary judgment hearing, the City was similarly confused regarding the date of the notification letters, indicating that the letters went out July 6.

[2] It appears that the officers' appeal requests were sent after test results were unofficially posted and before the result letters were mailed.

3

him by letter on December 5, 2006. *Id.* at 101.

Despite the denial of his appeal, Hall ended up on the 2006 promotional list for lieutenant. This occurred because the Commission voted at its October meeting to "accept the re-scoring of the 2006 promotion examination", which resulted in fifty-eight additional officers passing at various ranks.[3] *Id.* at 42. The promotional list for lieutenant that included Hall's name was issued on January 4, 2007. The rescoring, however, did not result in Eller making it onto the promotional list for sergeant, and Hall was not ultimately promoted from the list before it expired.

On September 6, 2007, Eller and Hall, by counsel, requested to review the originals of their respective exam responses and scores. The Commission responded, by counsel, denying the request and indicating that the exams were confidential and that the Rules do not provide for review of the examination papers by the examinee.

Officer Tatum took the promotional exam for sergeant on September 20, 2008 and was notified nine days later that he had not passed. On October 3, Tatum sent a letter to the Commission requesting that the SOP section of the exam be thrown out due to faulty study materials. He directed the Commission to the rescoring that occurred with respect to the 2006 exam and sought similar treatment. After further communications with the Commission, Tatum sent another demand letter on November 15, 2008 along with supporting documentation that the "SOP disc that was giving [sic] out for the Sergeant promotional

---

[3] The rescoring was due to a determination that study materials for the SOP section of the exam had not been properly disseminated to all officers. Accordingly, exam scores were recalculated after providing each candidate with full credit for this section of the exam.

4

exam [was] defective." *Id.* at 39. The Commission responded on January 30, 2009 and informed Tatum that he would not have passed even if the SOP section of the exam was not counted. On April, 24, 2009, by counsel, Tatum sent another letter to the Commission and requested recalculation of his exam score based upon giving him full credit for the SOP section. The Commission denied the request, and Tatum sent another letter, on July 27, 2009, requesting rescoring similar to the full-credit adjustment the Commission had made for the 2006 exam. At its August meeting, the Commission referred the matter to counsel.

On September 18, 2009, Eller, Hall, and Tatum filed a complaint against the City seeking damages, declaratory judgment, and injunctive relief. Specifically, Appellants sought "to be promoted, with back pay, to the ranks to which they would have had the opportunity to be promoted had the…deprivation of their rights not occurred." *Id.* at 26.

On December 9, 2009, Appellants filed a petition for a preliminary injunction in an attempt to stop a promotional exam for the rank of sergeant from being conducted on December 19. Following a hearing, the trial court denied the injunction request.

The City filed a motion for summary judgment in January 2011, and Appellants responded with a cross-motion for summary judgment. Among other evidence, Appellants designated affidavits from Eller, Hall, and Tatum. The City moved to strike several paragraphs from each affidavit, which motions the trial court granted in May 2011.

The trial court conducted the summary judgment hearing on March 13, 2012. The matter was taken under advisement. On November 27, 2012, the court issued its order summarily denying Appellants' motion for summary judgment and granting the City's

motion for summary judgment. Appellants now appeal.

On appeal, Appellants claim that the Commission failed or refused to process their appeals and refused to allow them access to their exam materials for review.[4] Accordingly, Appellants contend that they were entitled to summary judgment as opposed to the City.

Our standard of reviewing a summary judgment ruling is well settled and the same as that employed by the trial court. Summary judgment is appropriate only when the designated materials demonstrate that there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. *See* Ind. Trial Rule 56(C); *Austin v. Vanderburgh Cnty. Sheriff Merit Comm'n*, 761 N.E.2d 875 (Ind. Ct. App. 2002). "When reviewing the designated materials, we are mindful that all facts and reasonable inferences drawn therefrom are construed in favor of the nonmoving party. We carefully review summary judgment rulings to ensure that the parties were not improperly denied their day in court." *Id.* at 879 (citation omitted). The fact that the parties made cross-motions for summary judgment does not alter our review, as we consider each motion separately to determine whether the moving party is entitled to judgment as a matter of law. *Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669 (Ind. Ct. App. 2007), *trans. denied*. Finally, "[a] trial court's grant of summary judgment arrives on appeal cloaked with a presumption of validity, and the appellant bears the burden of demonstrating that the grant of summary judgment was erroneous." *Amaya v. Brater*, 981

---

[4] Without any true analysis, Appellants also claim that the trial court erred when it struck paragraphs from each of their individual affidavits, which were designated below in support of their summary judgment motions. The trial court struck the paragraphs in May 2011 and the summary judgment hearing was not held until March 2012, with the summary judgment order issuing November 2012. There is no indication in the record that Appellants ever objected to the City's motions to strike or the granting of said motions. Regardless, the stricken paragraphs have no effect on our determinations on appeal.

N.E.2d 1235, 1239 (Ind. Ct. App. 2013), *trans. denied*.

This case involves the interpretation of an ordinance and rules adopted by the Commission. In Indiana, the rules of statutory construction apply in construing an ordinance. *Kaser v. Barker*, 811 N.E.2d 930 (Ind. Ct. App. 2004), *trans. denied*. Further, rules adopted by a police civil service commission have the force and effect of law. *Coleman v. City of Gary,* 44 N.E.2d 101 (Ind. 1942).

The foremost objective in statutory interpretation is to determine and effect legislative intent. *In re Guardianship of A.J.A.*, 991 N.E.2d 110 (Ind. 2013). We examine and interpret a statute as a whole, giving words their common and ordinary meaning. *Id*.

A court, in a proper action, may investigate the acts of a civil service commission to determine if such acts have been arbitrary, capricious, fraudulent, or illegal. *Coleman v. City of Gary,* 44 N.E.2d 101. "Such an investigation by the court is for the purpose of determining whether the commission acted within its legal jurisdiction." *Id*. at 105. In other words, our review of administrative decisions is "constrained to a determination of whether the administrative agency lacked subject matter jurisdiction or employed improper procedures, or whether the decision was unsupported by substantial evidence or was arbitrary, capricious, or in violation of constitutional, statutory or legal principles." *Parlow v. Ind. Family & Social Servs. Admin.*, 717 N.E.2d 1212, 1214 (Ind. Ct. App. 1999).

We initially address Appellants' claim that the exam papers were required by ordinance to be made part of their permanent personnel files to which they should have had access at any time. This argument ignores an amendment to the applicable ordinance.

7

Gary Ordinance 5881 was substantially amended in 1991. Relevant to the instant appeal, Section 5 dealing with promotions, rules, examinations, and review of grades was rewritten "to accurately reflect legislative intent". *The Exhibits*, Tab 46 at 1. Subsection b of this section previously provided in part:

> The name or any means of identification of any member taking this competitive or qualifying examination…shall be withheld and made unavailable to the person or persons who grade the examinations and all written competitive examinations shall be treated and filed as confidential. Examination papers shall be made a part of the permanent filed [sic] of the individual officer taking the examination and they shall be retained in the chief's office or police headquarters and shall be maintained under the supervision of the chief of police and the individual officer shall have access to this file to examine it at any time. The commission shall notify each member, in writing, of the grade which the member received on the examination.

*The Exhibits*, Tab 22. This provision was recodified as subsection B(1) and rewritten as follows:

> The name or any means of identification of any member taking this competitive or qualifying examination…shall be withheld and made unavailable to the person or persons who grade the examinations shall [sic] be treated and filed as <u>confidential.</u> The commission shall notify each member in writing of the grade which the member received on the examination.

*The Exhibits*, Tab 46 at 2 (emphasis in original).

The ordinance upon which Appellants rely no longer requires exams to be retained in a member's personnel file for review by the member. This portion of the original ordinance was omitted from the 1991 recodification and the confidential nature of the exams was emphasized. Accordingly, summary judgment was properly entered against Appellants on their claim for declaratory judgment regarding an alleged right under the ordinance to review their exam papers.

8

We now turn to Appellants' claim that they were denied an appeal of their individual test scores. In this regard, it is important to recognize that Appellants are not similarly situated. The undisputed evidence indicates that Eller did not get an appeal. Hall and Tatum, on the other hand, received some sort of review of the exams, although they contend that the appeal provided by the Commission was not sufficient under the Rules.

The Rules unquestionably grant a member the right to appeal his or her exam score. As set out above, section V, paragraph 8 of the Rules provides:

> Any member aggrieved with the grade received on the written competitive examination shall have the right to appeal in writing to the Commission for a review of the grade within ten (10) days after the notice of the grade has been sent to him. The Commission, after reviewing the grade and the examination papers, shall have the authority to affirm the grade or to correct the grade according to the findings of the review.

*Appendix* at 39.[5]

Contrary to Appellants' unsupported assertion, this rule does not guarantee a right to a hearing before the Commission. The rule simply provides that upon appeal by an aggrieved member, the Commission shall have the authority to affirm the grade or to correct it after reviewing the grade and exam papers.[6] The rule sets up no particular requirements for the

---

[5] Ordinance 5881, as amended by Ordinance 6545-A, similarly provides in § 5(B)(a) for an aggrieved member's right to appeal and grants the Commission "authority to affirm the grade or to correct the grade according to the findings of review". *The Exhibits*, Tab 46 at 3. Although the ordinance sets out a right to appeal to the Commission, it says nothing about a right to a hearing.

[6] This is in stark contrast to the detailed rules and procedures governing disciplinary actions. The Rules expressly require an evidentiary hearing before the Commission or a hearing officer in disciplinary actions. *See* § II, Rule 10 of the Rules. Further, where the disciplinary hearing was before a hearing officer, the Rules provide for an appeal to the Commission of the hearing officer's recommendation. If a timely appeal of a hearing officer's decision is initiated, "the Commission shall then set the matter for a hearing on the record before the Commission." § II, Rule 28(A)(4)(b) of the Rules.

review procedure utilized by the Commission in this regard. Moreover, Appellants provide us with no cogent argument to support their assertion that the Commission is precluded from seeking an advisory opinion from Stanard regarding appeals by members of their exam scores. In fact, the Rules (section III, paragraph 9) grant the Commission authority to "delegate to its employees such ministerial and non-discretionary functions as are necessary for the effective and efficient performance of its duties". *The Exhibits*, Tab 22 at 25.

The appeals procedure (or at least one of them) employed by the Commission was for Stanard to conduct a meeting with aggrieved members and then offer a recommendation to the Commission. The Commission was, of course, free to accept or reject Stanard's recommendation and could schedule a hearing before the Commission if it felt such was necessary. In sum, the record reflects that the Commission, not Stanard, made the ultimate decisions regarding appeals. Appellants have wholly failed to establish that this process violates the Rules or Ordinance 5881, as amended.

Accordingly, we conclude as a matter of law that Hall received the appeal due him under the Rules. The Commission employed the assistance of Stanard to assess the merits of Hall's appellate claims and then, at the November 2006 Commission meeting, accepted Stanard's recommendations as the "final decision" of the Commission. *Appendix* at 101. The Commission notified Hall of this decision with a letter dated December 5, 2006. Hall, however, did not seek judicial review until September 2009.[7] The trial court properly granted summary judgment in favor of the City and against Hall on his claim that he was denied an

---

[7] Neither party addresses the timeliness of the complaint for judicial review.

appeal of his exam score.

Turning to Tatum, the record reveals that his appeal was addressed by the Commission through correspondence and at several monthly meetings. There is no merit to his claim that the Commission ignored his appeal or that he was not provided with an appeal. Moreover, it is not clear that the Commission ever reached a final decision regarding his appeal. In fact, the record indicates that at its August 2009 meeting, the Commission referred the matter of Tatum's July letter (requesting rescoring similar to the full-credit adjustment made in 2006) to counsel. Tatum sought judicial review the following month, before any response from the Commission. In any event, the Commission did not ignore Tatum's appeal.[8] Tatum has failed to demonstrate that the grant of summary judgment in favor of the City was erroneous.

Appellants emphasize that "[t]hey claim only that they had a right to appeal the scores on their test for their respective promotions." *Appellants' Brief* at 14. As set out above, they clearly had this right under the Rules. Hall and Tatum were provided an appeal to the Commission; Eller was not. The designated evidence indicates that Eller timely filed an appeal with the Commission, which, for whatever reason, was not processed.

The City argues that regardless of whether Eller's appeal was timely filed, he had no right to judicial review of the exam and appeal procedure because he did not have a constitutionally protected property interest in being placed on the eligible promotional list.

---

[8] To the extent Tatum argues that his "equal treatment claim", *Appellant's Brief* at 15, should have survived summary judgment, we find the issues waived for failure to present cogent argument. *See Maggert v. Call*, 817 N.E.2d 649 (Ind. Ct. App. 2004). Furthermore, we observe that there is absolutely no evidence in the record that Tatum was treated any differently than the other members who took the 2008 exam.

11

The City relies on *Austin v. Vanderburgh Cnty. Sheriff Merit Comm'n*, 761 N.E.2d 875, but *Austin* is inapposite. In that case, the appellant claimed a violation of his constitutional due process rights when he was removed from a sheriff's department eligibility list for promotion. We concluded that summary judgment was properly entered against appellant on his constitutional claim that he had protected property interest in having his name included on the list.

Here, Eller is not asserting a constitutional due process claim that he had a right to be included on the eligible promotion list. He is simply arguing that the Commission did not provide him with an appeal of his exam score as required under the Rules and the applicable ordinance. In other words, Eller claims rights only to the extent provided by rule and ordinance, not constitutional due process rights based on a protectable property interest.

The trial court erred by entering summary judgment against Eller. The evidence establishes as a matter of law that the Commission failed to provide him with an appeal of his 2006 exam scores, despite a timely written appeal. We, therefore, remand to the trial court for further proceedings on Eller's judicial review action, including review of the timeliness of said action under the applicable ordinance and other considerations, such as laches, and, if necessary, a determination of the appropriate remedy.

In sum, we affirm the grant of summary judgment against Hall and Tatum and reverse the grant of summary judgment against Eller. We further determine as a matter of law that the Commission violated its own rules, as well as local ordinance, when it failed to process Eller's appeal of his exam score. The Commission, however, did not violate its rules when it

12

denied Eller's request to review his written exam.  We remand this cause to the trial court for further consideration of Eller's complaint.

Judgment affirmed in part, reversed in part, and remanded.

BAKER, J., and VAIDIK, J., concur.