STATE EX REL. HARRELL *v.* CITY OF WABASH ET AL.

[No. 17,446. Filed March 15, 1946. Rehearing Denied
April 12, 1946. Transfer Denied October 3, 1946.]

*O. F. Rhoades,* of Peru, *Frank J. Crawford,* of Terre Haute, *U. S. Lesh,* of Huntington, and *James E. Lesh,* of Indianapolis, for appellant.

*Franklin W. Plummer,* of Wabash, for appellees.

FLANAGAN, C. J.—The sole question presented by this appeal is whether the chief of the fire force in a fifth class city is a "member" of such fire force so as to be eligible to membership in the Firemen's Pension Fund created under the 1937 Act. Acts 1937, Ch. 31, §§ 48-6518 to 48-6544, Burns' 1933 (Supp.). Appellant unsuccessfully contended in the trial court for an affirmative answer to the question.

We think the decision of the trial court was clearly

correct. The involved Pension Fund Act in all its provisions and by its clear and explicit terms ██ applies only to "members" of the fire force. The statute which governs the appointment and removal of members of the fire force and the chief of the fire force respectively in cities of the fifth class (Acts 1905, Ch. 129) makes clear that the "chief" is not a "member." Section 160 of that Act as amended in 1935 [Acts 1935, Chapter 282, § 48-6105, Burns' 1933 (Supp.)] provides that a "member" of the fire force is subject to discharge only for cause. But Section 80 of the same Act (§ 48-1502, Burns' 1933, § 11459, Baldwin's 1934) provides that the chief of the fire force serves at the pleasure of the mayor.

This interpretation seems to us to be in harmony with the apparent purpose of the Pension Fund Act. While there are provisions for payments upon disability or death of a member, the provisions likely to find most numerous application are those concerning pensions to members upon discharge or retirement after many years of service.

These later benefits would rarely accrue to one who is appointed for a term of only four years at a time and who is subject to discharge at any time during that period at the pleasure of the mayor. It would seem that the Legislature noted the distinction between the chief of a fire force appointed for a short and uncertain period and the members of a fire force under a fireman's tenure law, and with that distinction in mind enacted a practical pension law affecting only those who in the ordinary course of events could benefit by its provisions.

Judgment affirmed.

NOTE.—Reported in 65 N. E. (2d) 494.