## CITY OF NEW HAVEN v. LEFEVER

[No. 20,731. Filed July 8, 1968. Rehearing denied September 4, 1968. Transfer denied March 20, 1970.]

*Arthur H. Fruechtenicht,* and *Robert J. Parrish,* of Fort Wayne, for appellant.

*Edwin R. Thomas, Wright & Sandler,* and *C. David Peebles,* of counsel, all of Fort Wayne, for appellee.

FAULCONER, J.—This is an appeal from a judgment of the Allen Circuit Court ordering that appellee be reinstated as a member of the police department of Appellant City and ordering the payment of his salary from the date of his discharge. Appellant City filed its petition for rehearing alleging that the court erred in overruling appellant's motion to dismiss the action, that certain findings of fact were not sustained by sufficient evidence, that the court erred in each conclusion of law and that the decision is not sustained by sufficient evidence and is contrary to law. This petition was overruled which action of the court is assigned as error in this appeal.

It appears from the evidence that prior to January 1, 1964, appellee was for approximately 8 years a member of the police force of the Town of New Haven, Indiana. That said town became a city of the 5th class on January 1, 1964, and on said date the new mayor appointed appellee the chief of police; that appellee served in that capacity until December 30, 1964, when the mayor informed him, "You no longer have a job." When appellee asked what the charges were the mayor replied, "There are no charges. You're just automatically out". On December 31, 1964, appellee delivered a letter to the mayor stating "I have not been informed of any charges being filed against me, or have I been informed of a hearing. I offer myself for regular duty as Chief of Police, and or, as a Police Officer of New Haven, Indiana." Appellee reported for duty at the police station in uniform at 7 a.m. on January 1, 1965. He was advised by the acting chief that he could sit in the office but wasn't to go out in a car. Later in the morning he was informed by the Chairman of the Board of Safety that he was through as a police officer and said chairman also stated that there had been no charges against appellee.

We cannot agree with appellant's argument that the mayor of a fifth class city can remove a policeman without complying with Acts 1905, ch. 129, § 160, p. 219; 1933, ch. 86, § 1, p. 577; 1935, ch. 282, § 1, p. 1395; § 48-6105, Burns' 1963 Repl. The provisions of that act, commonly referred to as the policeman and fireman's tenure act, were specifically made applicable to fifth class cities by Acts 1949, ch. 71, § 2, p. 194; § 48-6120 (c), Burns' 1963 Repl., and includes a chief of police by virtue of Acts 1949, ch. 71, § 1, p. 194; § 48-6120 (b), Burns' 1963 Repl.

Nor can we agree with appellant's contention that the evidence fails to sustain the finding that appellee was a member of the police force of such city or that he was removed from such police force. Appellee testified that he and the other men in the police department were sworn in as police of-

ficers by the city clerk on New Years Eve, December 31, 1963. The record does not support appellant's contention that the appellee was removed only as chief of police.

The trial court specifically found that "no notice of charges have ever been served upon the plaintiff by the defendant city; that no charges have ever been brought before the plaintiff by the defendant city; that no hearing has ever been had in the presence of the plaintiff by the defendant city; that there is no evidence that there ever was a meeting by the Board of Public Safety wherein the dismissal of the plaintiff was discussed or determined." This finding was not only supported by sufficient evidence, but it is undisputed that there is no record of any charges made, notice given, hearing or proceeding had.

We are of the opinion that the appellee was protected by the provisions of § 48-6105, *supra,* and could legally be removed as a member of the police force of the City of New Haven only by action of the Board of Public Safety of said city following the procedure prescribed by said statute. Failure to strictly follow said procedure makes any dismissal void. By ignoring the requirements of § 48-6105, *supra,* the city cannot legally or effectively discharge a member of its police force protected by its provisions.

One of the trial court's conclusions of law was that "the law is with the plaintiff in his appeal to this court from removal of office." This is the only conclusion necessary under the findings which support it. Even if other conclusions of law are erroneous they are treated as mere surplusage on appeal.

"Error in conclusions of law which are not used or required as a basis for judgment is harmless and will be disregarded on appeal. Such is no ground for reversal where no prejudice results to the party complaining." *Baker v. State Bank of Akron* (1943), 112 Ind. App. 612, 621, 44 N. E. 2d 257 (transfer denied).

We find no such prejudice nor is any claimed by appellant.

Since appellant city failed to follow the provisions of the Act, being § 48-6105; Burns' 1963 Repl., *supra*, which protected the appellee from dismissal by persons and in ways not therein prescribed, said procedure for review of a Board's action set forth in such statute is also not applicable. Therefore, no error was committed by the trial court in overruling appellant's motion to dismiss appellee's petition for reinstatement. The city cannot ignore the provisions of a statute detrimental to its action and then rely on its provisions when advantageous to the city.

In our opinion the judgment of the trial court was fair, equitable, according to law and supported by the conclusion of law. The evidence supports the material findings of fact which support the necessary conclusion of law. Other reasons given in the findings and conclusions being non-essential to the judgment are ignored on appeal.

Judgment affirmed.

Carson, C.J., Cooper and Prime, JJ., concur.

NOTE.—Reported in 238 N. E. 2d 487.