168

PALM ET AL. *v.* MORLAN ET AL.

[No. 1269A234. Filed June 11, 1970. Rehearing denied July 27, 1970. Transfer denied July 6, 1971.]

*John R. Ax*, of Linton, for appellants.

*Dix, Dix, Patrick, Ratcliffe & Adamson, Raymond H. Modesitt*, of Terre Haute, *John M. Baumunk*, of Brazil, for appellees.

COOPER, J.—This is an action brought by appellants, plaintiffs below, for an injunction asking that the Mayor and Clerk-Treasurer of the City of Brazil, Indiana, defendants-appellees, be permanently enjoined from paying Lester Morton as Chief of Police of the City of Brazil, and that appellee Lester Morton be enjoined from taking any pay from the City of Brazil. The complaint alleged that the appointment of Lester Morton as chief of police is in direct violation of Burns' Ind. Stat. Anno., § 48-6407, (1963 Replacement), and Burns' Ind. Stat. Anno., § 48-6106, (1969 Cum. Supp.), and that because of his illegal appointment and ineligibility to serve, he is not entitled to draw any compensation from the City of Brazil.

Appellees filed an answer in compliance with Rule 1-3 of the Rules of the Supreme Court of Indiana denying appellants' material allegations.

The cause, thus being at issue, was submitted to the court for trial.

The court found for the defendants-appellees, entered judgment accordingly, and ordered costs assessed against the plaintiffs-appellants.

The appellants' motion for a new trial alleged as error:

(1) That the decision of the court is not sustained by sufficient evidence;

(2) That the decision of the court is contrary to law.

The assignment of error on appeal is that the trial court erred in overruling the motion for a new trial.

The record reveals that the parties to this action and their official positions are as follows:

The defendant-appellee, Bert Morlan, was Mayor of the fifth class city of Brazil in Clay County, Indiana; appellee-defendant, Lester Morton, was appointed Chief of Police of Brazil by Mayor Bert Morlan; appellee-defendant, William Allen, was Treasurer of the City of Brazil and was responsible for paying the salaries of the municipal employees of the City of Brazil.

The appellant-plaintiff, Stanley L. Palm, was a taxpayer of the City of Brazil; and appellant-plaintiff, Brazil Lodge No. 114 of the Fraternal Order of Police of Brazil, is an organization composed of members of the police department of the City of Brazil.

The appellants' sole contention on appeal is that appellee Lester Morton is not eligible to be appointed and serve as the Chief of Police in Brazil. Appellants base their allegation, first, on the fact that Lester Morton was 44 years old at the time of his appointment and that his age disqualified him under Burns' § 48-6407, *supra,* which reads in part as follows:

"No person shall be appointed as a member of the police force of any city of the first, second, third, fourth or fifth

class after he or she has attained his or her thirty-fifth (35th) birthday."

Secondly, appellants allege that Lester Morton is not a resident within the county in which Brazil is located and thus he does not meet the residence requirement of Burns' § 48-6106, *supra,* which provides in part as follows:

"Members of the police and fire departments of cities of the first, second, third, fourth and fifth classes shall reside within the county in which said city is located and said residence shall be within fifteen (15) miles of the corporate limits of such city . . . "

Appellees admit that Lester Morton does not meet the requirements of Burns' § 48-6106, *supra,* and Burns' § 48-6407, *supra,* but appellees argue that the age and residence requirements apply only to *members* of the police force; appellees contend that Lester Morton, as chief of police, is an appointed official of the police department and, as such, is not a *member* of the police department within the statutory meaning of Burns' § 48-6106, *supra,* and Burns' § 48-6407, *supra.*

Appellants rely on *City of New Haven* v. *LeFever* (1968), 143 Ind. App. 88, 238 N. E. 2d 487, as authority for their contention that Lester Morton is a member of the police department within the meaning of the above-quoted statutory language. We feel that the *City of New Haven* v. *LeFever, supra,* is not applicable to the issue herein. The facts in *City of New Haven* v. *LeFever, supra,* were that the appellee had served as a policeman for eight years prior to his appointment as chief of police. The mayor removed the appellee both from his office as chief of police and his position as a member of the police force. The issue in the *City of New Haven* v. *LeFever* case, *supra,* was whether the appellee's removal from the police force was proper. The court stated on page 489:

"We are of the opinion that the appellee was protected by the provisions of § 48-6105, supra, and could legally be removed *as a member of the police force* of the City of

New Haven only by action of the Board of Public Safety of said city following the procedure prescribed by said statute. Failure to strictly follow said procedure makes any dismissal void. By ignoring the requirements of § 48-6105, supra, the city cannot legally or effectively discharge a member of its police force protected by its provisions." (Our emphasis)

Thus the court in *City of New Haven* v. *LeFever, supra,* was not deciding the status of the appellee as chief of police, but rather that of a "member of the police force."

The case of *State* v. *Reichert* (1948) 226 Ind. 358, 363, 80 N. E. 2d 289, lends weight to our interpretation of *City of New Haven* v. *LeFever, supra:*

"The mayor likewise has the right to remove the chief of police appointed by him, § 48-1502, Burns' 1933 and § 48-1222, Burns' 1933 (Supp.); *State ex rel. Harrell* v. *City of Wabash* (1946), 116 Ind. App. 682, 65 N. E. 2d 494, although if such chief, when appointed, came from a lower rank in the police force he can only be demoted and can be removed from the force only after charges are filed and served upon him and a hearing held by the board of public safety. § 48-6105, Burns' 1933 (Supp.)."

The appellants also contend that Burns' Ind. Stat. Anno., §§ 48-6120 (a) to 48-6120 (c), (1963 Replacement), are applicable to this case in that they provide that the chief of police is a member of the police department. Burns' §§ 48-6120 (a) to 48-6120 (c), *supra,* deal with suspension and dismissal within the police and fire departments. The question before this court is not one of dismissal, but rather that of appointment. Thus, the above statutes are not applicable to the determination of the issue of appointment.

In the case of *State* v. *Carey* (1961), 241 Ind. 692, 699, 175 N. E. 2d 354, our Supreme Court has stated that the legislature has considered the chief of police to be set apart from the other members of the department:

"These and similar sections of the statute clearly demonstrate a clear and consistent legislative intent, that the chief

of police is a public officer, distinct from that of other members of the police force generally.

"Furthermore, an analysis of the decisions of this court demonstrates this distinction which has placed the chief of police in an official position, separate and distinct from other members of the force or department generally.

"In the case of *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 461, 44 N. E. 2d 101, this court stated: 'The chief of police is simply an *officer* of the city, acting for, and subject to the control of, the city.' (Our italics.)"

Burns' Ind. Stat. Anno., § 48-1219, (1969 Cum. Supp.), provides in part as follows:

"In all cities of the fifth class the mayor shall appoint a city attorney, a chief of the fire department, a chief of the police department, and such boards, commissions, officers, and other employees pursuant to the provisions of laws now in effect and as hereafter provided."

Burns' Ind. Stat. Anno., § 48-1502, (1963 Replacement), provides in part as follows:

"It shall be the duty of the mayor:

"To appoint the heads of departments, as hereinafter created, in cities of the first, second, third and fourth classes, and to appoint, in cities of the fifth class, a city marshal, chief of the fire force and street commissioner, all of which appointees shall hold office until their successors are appointed and qualified; and he shall make such other appointments as may be provided by law or by the ordinances of any city . . . "

Thus, the legislature has granted the mayors of fifth class cities specific authority to select and appoint the chief of police. However, we find no statutory provision which specifically establishes an age and residence requirement for the chief of police of fifth class cities.

The question before this court is whether the word "member" as used in Burns' § 48-6106, *supra*, and Burns' § 48-6407, *supra*, is intended to place an age and residence requirement on the chief of police as well as the members of the police department.

In the case of *Knox R.E.M.C.* v. *Public Service Co.* (1966), 139 Ind. App. 547, 556, 557, 213 N. E. 2d 714, (Transfer Denied), the court stated:

> "It is a recognized rule of statutory construction that a statute must be held to mean what it clearly and plainly expresses and that its plain, clear and obvious meaning may not be enlarged or restricted. 26 I.L.E., Statutes, § 101, p. 308."

Also in *Meade Electric Co. etc.* v. *Hagberg etc.* (1959), 129 Ind. App. 631, 642, 643, 159 N. E. 2d 408, the court stated:

> "This court cannot judicially legislate. Under our system of constitutional separation of powers between the legislative, executive and judicial, courts must avoid judicial legislation or an entry into the legislative field. A court may not under the guise of construction modify, amend, remodel or rewrite, nor disregard the terms and positive provisions of a statute. To depart from the meaning expressed by the words of the statute is to alter it, and it is not construction but legislation, and this court cannot construe an act any more broadly or give it any greater effect than its terms require. 50 Am. Jur., pp. 213-15, Secs. 228, 229."

In accord with our duty to construe the plain and obvious meaning of the statutes, we do not feel that the legislature intended that Burns' § 48-6407 and Burns' § 48-6106 apply to the appointment of a chief of police of fifth class cities. The legislature, in enacting the law concerning municipal police departments, has made a distinction between the head of the police department and the members. In strictly interpreting the word "member," we cannot broaden it to include chief of police.

For the foregoing reasons, we conclude that no reversible error was committed, and we therefore must affirm the judgment of the trial court.

Judgment affirmed. Costs vs. Appellants.

Lowdermilk, C.J., Carson, J., and Sullivan, J., concur.

NOTE.—Reported in 259 N. E. 2d 86.