**Donald Lee SMULSKI, Plaintiff,**

v.

**Thomas C. CONLEY, John R. Stanish, George Sudicky, Frank J. Dupey, John R. Klapak, and City of Hammond, Defendants.**

**Civ. No. H 77–4.**

United States District Court,
N. D. Indiana,
Hammond Division.

July 28, 1977.

is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." F.R.Civ.P. 56(c); *Poller v. Columbia Broadcasting System,* 368 U.S. 464, 82 S.Ct. 486, 7 L.Ed.2d 458 (1962). In making that determination (upon consideration of the facts in the record that appear in, inter alia, the depositions, affidavits, exhibits, and answers to interrogatories), the Court must view " 'the inferences to be drawn from the underlying facts . . . . in the light most favorable to the party opposing the motion.' *United States v. Diebold, Inc.,* 369 U.S. 654, 655, 82 S.Ct. 993, 994, 8 L.Ed.2d 176 (1962)." *Fitzsimmons v. Best,* 528 F.2d 692, 694 (7th Cir. 1976).

## I. FACTS

Plaintiff Donald Lee Smulski was employed by the Hammond, Indiana, Police Department with the rank of Lieutenant, Uniform Bureau. On November 18, 1976, plaintiff was demoted from the rank of Lieutenant to that of Corporal by defendants. Defendants admit that plaintiff's demotion occurred summarily; that is, plaintiff was not afforded prior notice of the charges against him, and no hearing on his demotion was held.

## II. ISSUE

The issue presented by defendants' motion is whether or not plaintiff had a property interest in the rank of Lieutenant which is protected by the Due Process Clause of the Fourteenth Amendment to the Constitution of the United States.[1]

Palmer C. Singleton, Jr., Glenn R. Patterson, Singleton, Levy & Crist, Highland, Ind., for plaintiff.

Barry D. Sherman, Sherman & Goot, John R. Stanish, Hammond, Ind., for defendants.

### MEMORANDUM DECISION

McNAGNY, District Judge.

This cause came before the Court on the motion of defendants, Thomas C. Conley, John R. Stanish, George Sudicky, Frank J. Dupey, John R. Klapak, and City of Hammond, for summary judgment.

In order to grant a motion for summary judgment, the Court must find that "there

## III. DISCUSSION

In *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548, (1972), the Supreme Court held that procedural due process guarantees apply only to the deprivation of *protected* liberty and property interests within the meaning of the Fourteenth Amendment. A protected property interest was explained in the following way:

---

1. During oral argument, defendants conceded that plaintiff's procedural due process rights were violated *if* plaintiff had a property interest in his rank of Lieutenant.

"To have a property interest in a benefit, a person clearly must have more than an abstract need or·desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims." 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561.

The concept of property includes contracts guaranteeing continued employment absent "sufficient cause" for altering that employment relationship. *Roth, supra,* 408 U.S. at 578, 92 S.Ct. at 2709, 33 L.Ed.2d at 561.[2] The Supreme Court has stated also that " . . . the sufficiency of the claim of entitlement must be decided by reference to state law." *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684, 690 (1976). Indiana law therefore must be referred to in ruling upon defendants' motion.

Plaintiff's employment with the City of Hammond is based on a written contract of employment. *Kirmse v. City of Gary,* 114 Ind.App. 558, 51 N.E.2d 883 (1944). The *Kirmse* case also held that statutory provisions are incorporated as a matter of law into the written contract of employment between the public employee and the public employer.[3] Officer Smulski's contract therefore includes the terms of both Indiana statutes as well as City of Hammond ordinances which relate to policemen.

The plaintiff contends that two provisions of the Indiana law confer upon him a "legitimate claim of entitlement" to his rank of Lieutenant. The first is the following provision of *Ind. Code* § 18–1–11–3 (1976):

"On the conviction in any court of a member of the said fire or police force, including police radio operators and police signal and fire alarm operators, of any criminal offense, or upon a finding and decision of the board, that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay."

In his brief in opposition to defendants' motion, plaintiff makes the following argument:

"The plaintiff calls the Court's attention to the words 'or other breach of discipline' in the quotation set out above. The statute does *not* say for 'any other reason.' Therefore, the statute must be construed to mean that the named authorities are limited to finding one of the specifically enumerated grounds before a police officer can be demoted or reduced in rank. Furthermore, . . . the statutory language mandates that rank is not held at the will or pleasure of the public employer. Under . . . the statute, there can be no demotion or reduction in rank except for the 'sufficient causes' set out therein thus giving the plaintiff a 'legitimate claim of entitlement' to rank and pay within the meaning of the Fourteenth Amendment."

---

**2.** See also *Daniel v. Porter,* 391 F.Supp. 1006 (W.D.N.C.1975).

**3.** "The only manner in which the Board of Public Safety could legally appoint a person to the police department was by recording in its records the fact that such appointment had been made. When the Board takes this action and the person so appointed executes a bond, subscribes to the required oath, and enters into the performance of his duties as such policeman, there is a valid written contract of employment into which are incorporated the provisions of the statute in reference thereto, the same as if they were specifically and formally set out in the instrument." 51 N.E.2d at 885.

In *Jenkins v. Hatcher,* Ind.App., 322 N.E.2d 117 (1975), a Gary, Indiana, fireman had been demoted from battalion chief to captain without notice and a hearing. Jenkins sued for reinstatement, arguing that *Ind. Code* § 18–1–11–3 (1976) requires that statutory procedures, viz., notice, hearing, and written reasons, be followed, in cases involving demotions as well as those involving removal. The Court of Appeals specifically held that

"The procedures outlined in IC 1971, 18–1–11–3, *supra,* cannot, however, be deemed applicable to Jenkins' demotion. By its relevant terms, the statute in question applies only to 'removal.'" 322 N.E.2d at 119.

The court based its holding on two separate theories. First, the court cited another provision of *Ind. Code* § 18–1–11–3 (1976):

"Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended therefrom for any period in excess of ten [10] days, shall have the right to appeal * * * but shall not have the right of appeal from any other decision." 322 N.E.2d at 119.

It then reasoned that that particular provision of the statute in question "indicates a legislative intent to limit applicability of the statutory hearing procedures." 322 N.E.2d at 120.

Second, "merit plan" Acts have been passed which provide specific demotion procedures for policemen and/or firemen in cities which qualify under the statutory scheme. The court interpreted the existence of these plans also to evidence an intention on the part of the legislature not to include demotions within the rubric of *Ind. Code* § 18–1–11–3 (1976).

On the basis of the *Jenkins* case, this Court now finds that *Ind. Code* § 18–1–11–3 (1976) does not support plaintiff's claim of legitimate entitlement to his rank of Lieutenant. The statute provides procedures to be followed in instances of removal and suspensions. It has been interpreted specifically not to include demotions within its purview.

The second provision of Indiana law relied upon by the plaintiff is Hammond Ordinance 35–10, which reads, in pertinent part, as follows:

"Policemen who have been appointed permanently to the police department may be discharged or suspended without pay, demoted or reduced in rank or fined for any of the following reasons:

(a) Suspension, demotion or reduction in rank by board of public works and safety. The board of public works and safety may suspend a policeman without pay, not to exceed thirty days or demote or reduce him in rank for the violation of the written rules and regulations adopted by the board of public works and safety or issued by the police chief."

Most of the discussion within the briefs as well as during oral argument centered around the meaning of the word "may" in the second sentence of the quoted portion of the ordinance. Defendants contend that the word "may" is used in the ordinance to indicate that reasons for discharge, suspension, or demotion set out therein are non-exclusive; that is, there may be reasons other than violations of promulgated rules and regulations for which disciplinary action may be taken. Plaintiff, argues, however, that by using discretionary rather than mandatory language, the Board of Public Works is given the option of choosing what type of disciplinary action to invoke for violations of the rules and regulations governing the conduct of police officers. In other words, if a violation of the rules and regulations is found to exist, the Board may, if it chooses, remove, suspend, or demote a policeman. Therefore, by the terms of the ordinance, plaintiff may be demoted *only* for a reason stated in the ordinance.

The Court is of the opinion that plaintiff's interpretation is the sounder of the two. If defendants' interpretation were accepted and the Board of Public Works were able to demote a policeman for violations of the rules and regulations or for any other reason, provision (a) of the ordinance would be meaningless. There would be little sense in setting forth reasons for demotion

if the Board of Public Works could choose a reason not enumerated on which to base its determination to take disciplinary action.

The Court also believes that Officer Smulski's rank of Lieutenant is one of those "claims upon which people rely in their daily lives". *Roth, supra,* 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561. Having found that Hammond Ordinance 35–10 contains a list of all the reasons for which Officer Smulski could be demoted, the Court now finds that he had a right to rely upon the fact that his rank would remain intact absent a violation as set forth a demotion for *any reason* arbitrarily undermines that reliance.

The Court, therefore, finds that the ordinance in question provides an exclusive list of reasons for demotion of a policeman by the Board of Public Works & Safety. The Court further finds that the reasons enumerated constitute "sufficient cause" for demotion, as that term is used in *Roth, supra,* 408 U.S. at 578, 92 S.Ct. at 2709, 33 L.Ed.2d at 561, and that Officer Smulski had a "legitimate claim of entitlement" to his rank of Lieutenant absent "sufficient cause" for demotion.

Defendants place great reliance on *Bishop v. Wood,* 426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976), in support of their position.[4] Defendants rely on that case for the proposition that Hammond Ordinance 35–10 does not create a property interest in the rank of Lieutenant in the case at bar. This Court believes that their reliance is misplaced. As it was stated earlier, the existence of a property interest must be determined by reference to state law. In the *Bishop* case, the Supreme Court relied on North Carolina decisions[5] as well as the ordinance in question[6] and the district court judge's interpretation of it. In doing so the Court stated that

"This construction of North Carolina law [that the policeman held his position at the will and pleasure of the city] was upheld by the Court of Appeals for the Fourth Circuit, albeit by an equally divided Court. In comparable circumstances, the Court has accepted the interpretation of state law in which the District Court and the Court of Appeals have concurred even if an examination of the state law issue without such guidance might have justified a different conclusion." 426 U.S. at 345–346, 96 S.Ct. at 2078, 48 L.Ed.2d at 690, 691.

The Court also noted in the *Bishop* opinion, in reference to the question of whether or not the ordinance there guaranteed an enforceable expectation of continued employment, that "[o]n its face the ordinance on which petitioner relies may fairly be read as conferring such a guarantee." 426 U.S. at 345, 96 S.Ct. at 2078, 48 L.Ed.2d at 690.

It is clear then that the mere fact that a Marion, North Carolina, ordinance was not found to create a property interest in a policeman's employment is not dispositive of a similar question concerning a Hammond, Indiana, ordinance.

It is therefore ORDERED that the motion of defendants for summary judgment be and hereby is DENIED.

---

**4.** In that case, a policeman was discharged without being afforded a hearing to determine the sufficiency of the cause for his discharge.

**5.** "The North Carolina Supreme Court has held that an enforceable expectation of continued public employment in that State can exist only if the employer, by statute or contract, has actually granted some form of guarantee. *Still v. Lance,* 279 N.C. 254, 182 S.E.2d 403 (1971)." 426 U.S. at 345, 96 S.Ct. at 2078, 48 L.Ed.2d at 690.

**6.** "Article II, § 6, of the Personnel Ordinance of the city of Marion, reads as follows:

"*Dismissal.* A permanent employee whose work is not satisfactory over a period of time shall be notified in what way his work is deficient and what he must do if his work is to be satisfactory. If a permanent employee fails to perform work up to the standard of the classification held, or continues to be negligent, inefficient, or unfit to perform his duties, he may be dismissed by the City Manager. Any discharged employee shall be given written notice of his discharge setting forth the effective date and reasons for his discharge if he shall request such a notice." 426 U.S. at 344, 96 S.Ct. at 2077, 48 L.Ed.2d at 689, n. 5.