STATE OF INDIANA ON RELATION OF RAYMOND WARZYNIAK, ROBERT
GACSKO, HEPPY MICHNA, FRANK KOBLI, RICHARD HORA, AND GEORGE
GOLUB *v.* JOSEPH B. GRENCHIK, GERALD HALUSKA, PAUL SINAL,
GEORGE ZAHORSKY AND CITY OF WHITING, INDIANA

[No. 3-676A157. Filed August 29, 1978. Rehearing denied October 30, 1978.
Transfer denied March 26, 1979.]

*Hilbert L. Bradley,* of Gary, for appellants.

*C. Jerome Smith,* of Hammond, *Gerald Haluska,* of Whiting, for appellees.

STATON, J. — Upon the installation of the new mayor, the City of Whiting's Police Department was reorganized. Police officers in positions ranging from Chief to Sergeant were demoted to the rank of Patrolman, with commensurate reductions in salary. The trial court denied their request for relief. We hold that a municipal ordinance provided each policeman with a legitimate claim of entitlement to continued employment in his particular position. Because the city of Whiting improperly demoted appellant policemen, in violation of due process, we reverse.

On January 1, 1976, appellant policemen were demoted to the rank of Patrolmen by individual letters received from appellee Grenchik, the newly-installed Mayor. Each policeman suffered a substantial reduction in salary. The mayor specified no cause for the demotions. No notice was given and no hearings were held prior to the demotions.

The demoted policemen filed a complaint for mandate, reinstatement, injunctive relief, damages and preliminary injunction. Their complaint alleged that the City of Whiting (through its officers) failed to follow the statutory requirements for demotions as set out in a municipal ordinance and in a state statute.

Municipal Ordinance No. 1057, 14-108, Section 8 (as amended by Ordinance 1083), provides as follows:

> "Policemen who have been appointed permanently to the Police Department may be discharged or suspended without pay, or demoted or reduced in rank or fined for the following reasons:
>
> (a) A policeman may, by the Board of Public Works, be suspended without pay not to exceed 30 days, demoted or reduced in rank, for the violation of the written rules and regulations adopted by the Board of Public Works, or issued by the Police Chief.
>
> (b) The Chief of the Police Force may suspend any policeman not to exceed 10 calendar days, with right of appeal to the Board of Public Works, for violations of rules and regulations adopted by the Board of Public Works, or issued by the Police Chief.

(c)   A policeman may be suspended for more than 30 days or may be discharged from the Police Force only upon one of the following grounds:

1.   Willful failure to carry out the direct and lawful orders of a superior officer.

2.   Drunkenness or the use of narcotics while on duty to such an extent that the use thereof interferes with the efficiency or mental or physical fitness of the Policeman and which prevents the policeman from properly performing his duties.

3.   Failure to report for duty at the time scheduled without giving notice of inability to report:   provided however, that such failure to report is not caused by sudden illness, accident or other circumstances beyond his control that would prevent him from giving such notice.

4.   Failure to report for duty when directly ordered to do so; provided that policeman is well and able to carry out his duties. Examination and opinion of any physician appointed by the Pension Board or the Board of Public Works shall be conclusive in this regard.

5.   Solicitation or acceptance of a bribe.

6.   Conviction of a felony.

7.   Willful and repeated violations of the rules and regulations adopted by the Board of Public Works, or by the Police Chief; provided however, that 'repeated violations' shall mean the conviction of more than two violations in any one year.

8.   Cowardice while on duty.

9.   False statement on application for employment, or false statement under oath to the Board of Public Works or Pension Board.

10.   Procedure for removal or suspension in excess of 30 days shall be as provided in Burns Indiana Statutes 48-6105 and Acts amendatory and supplemental thereto."

IC 18-1-11-3, Ind.Ann.Stat. § 48-6105 (Burns Code Ed.) contains the following provisions:

"Every member of the fire and police forces, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners of public safety or the board of metropolitan police commissioners, shall hold office until they are

removed by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board. On the conviction in any court of a member of the said fire or police force, including police radio operators and police signal and fire alarm operators, of any criminal offense, or upon a finding and decision of the board that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay . . . .

"Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended therefrom for any period in excess of ten [10] days shall have the right to appeal to the circuit court or superior court of the county in which such city is located from such decision of dismissal or suspension by said board, but shall not have the right of appeal from any other decision."[1]

At trial, Mayor Grenchik testified that he did not recall the ordinance when he wrote the letters of demotion.

The City claimed that no "written rules and regulations," described in Ordinance 1057, 14-108, Section 8, were adopted by the Board of Public Works or the Police Chief. Nonetheless, some of the rules and regulations governing police conduct were introduced. Several of the demoted policemen testified that their conduct provided no cause for demotion, and that they did not violate any of the Board's rules or the Chief's orders.

---

1. In 1977, the Legislature amended this statute to provide demoted policemen the right of appeal:

"Any member of such fire or police force who is dismissed from such force, as aforesaid, or is suspended therefrom for any period in excess of ten [10] days or reduced in grade shall have the right to appeal to the circuit court or superior court of the county in which such city is located, from such decision of dismissal or suspension or reduction in grade by said board, but shall not have the right of appeal from any other decision." IC 18-1-11-3, as amended.

The trial court found that the demoted policemen had not been provided written charges or afforded an opportunity for a hearing. Yet, the court concluded[2] that Ordinance 1057 did not require demotions to be for cause, with provision of written charges, notice and hearing. It further concluded that the policemen had not been deprived of due process protections guaranteed by the Fourteenth Amendment of the United States Constitution.

On appeal, appellant policemen argue that the requirement (contained in Municipal Ordinance 1057) that a demotion must be for cause implicitly guarantees permanently-appointed policemen the protections of procedural due process. The City's failure to provide each demoted policeman with charges, notice and a hearing renders the demotions void.

The City of Whiting, appellee, contends that the ordinance does not apply to police department reorganizations such as this one. The City claims the "permissive" language of the ordinance (*may* be demoted, rather than *shall*) indicates that the ordinance does not contain the complete list of grounds for demotion. Further, the City claims that the ordinance could not be effected since none of the necessary written rules and regulations were ever adopted.

The issue we must decide can be stated as follows:

DID A STATUTE OR ORDINANCE AFFORD EACH APPELLANT A LEGITIMATE PROPERTY INTEREST IN HIS RANK SUCH THAT A DEMOTION WITHOUT PROOF OF SUFFICIENT CAUSE DEPRIVES HIM OF DUE PROCESS?

Before appellant policemen could have been deprived of Fourteenth Amendment guarantees, they must first have had a property interest which was protected by procedural due process. As explained in *Board of Regents of State Colleges v. Roth* (1972), 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548:

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have

---

2. In its order, the court incorrectly placed paragraphs 15, 16, 17 under "Findings of Fact," rather than "Conclusions of Law."

a legitimate claim of entitlement to it. It is a purpose of the ancient institution of property to protect those claims upon which people rely in their daily lives, reliance that must not be arbitrarily undermined. It is a purpose of the constitutional right to a hearing to provide an opportunity for a person to vindicate those claims."

*See also Town of Speedway v. Harris* (1976), 169 Ind.App. 100, 346 N.E.2d 646.

When "cause" is required before an employment relationship may be altered (to the detriment of the employee), due process protections attach. *Roth, supra,* 408 U.S. at 578, 92 S.Ct. at 2709; *Gary Teachers Union, Local No. 4, A.F.T. v. School City of Gary* (1975), 165 Ind.App. 314, 332 N.E.2d 256, 259. Thus, the concept of property includes a legitimate claim of entitlement to continued employment at a particular rank, absent "sufficient cause" for demotion.[3] *Smulski v. Conley,* 435 F.Supp. 770, 772 (N.D. Ind., 1977); *Speedway, supra,* 346 N.E.2d at 650. According to *Bishop v. Wood* (1976), 426 U.S. 341, 344, 96 S.Ct. 2074, 2077-78, 48 L.Ed.2d 684, "the sufficiency of the claim of entitlement must be decided by reference to state law."

Appellant policemen base their claim of entitlement to rank upon a state statute, IC 18-1-11-3, and Municipal Ordinance No. 1057, 14-108, Section 8, both of which are set out earlier in this opinion.

Recently, a federal district court in Indiana decided a very similar case involving a claim of entitlement based upon the same state statute and a Hammond Ordinance practically identical to Whiting's Ordinance. *Smulski, supra,* 435 F.Supp. 770. The district court found that the state statute, IC 18-1-11-3, did not support the claim of entitlement to rank; specifically, the court relied on the interpretation of that statute in *Jenkins v. Hatcher* (1975), 163 Ind.App. 95, 322 N.E.2d 117. In *Jenkins,* the Court of Appeals held that IC 18-1-11-3 required procedural due process only prior to removals, and not prior to demotions.[4]

---

3. A demotion affects one's property interest in wages and retirement benefits, for instance.

4. By its own reasoning, the outcome of *Jenkins, supra,* 322 N.E.2d 117, might have been affected by the Legislature's 1977 amendment to IC 18-1-11-3 (see footnote 1, *supra*). The amendment grants policemen the right of appeal from a decision of demotion. *Jenkins*

However, the district court in *Smulski, supra,* found that the ordinance in question provided an exclusive list of reasons for demoting a policeman.[5] Only these reasons constituted "sufficient cause" for demotion. Thus, the policeman had a legitimate claim of entitlement to his rank, absent sufficient cause for demotion. 435 F.Supp. at 774.

Municipal Ordinance No. 1057 clearly intended to protect policemen in their positions, particularly against political influences. The ordinance authorized demotion only for violation of written rules and regulations, as established by the Board and the Police Chief. No demotions were to be made for political reasons.

The municipal ordinance affirmatively created an expectation, on the part of each policeman, that he would continue in his rank unless he

---

theorized that the absence of the right to appeal from a decision of demotion (in the unamended statute), indicated "a legislative intent to limit applicability of the statutory hearing procedures." 322 N.E. at 120.

As noted in *Coleman* v. *City of Gary* (1942), 220 Ind. 446, 44 N.E.2d 101, 107:

"A study of *other related acts* and of this [Civil Service] Act as a whole discloses that it was the intention of the General Assembly that original appointments, promotions and rank secured by members of the police department, should be retained by such members unless dismissal or demotion was justified by some cause personal to the particular member." (Emphasis added)

The requirement in these statutes of cause before demotion confers a legitimate claim of entitlement to rank upon policemen, under the analysis of this opinion.

However, we will not decide this case on the basis of unamended IC 18-1-11-3 (in effect at the time this case arose), and we need not refer to the possible implications of Legislative intent raised by the 1977 amendment. The municipal ordinance alone provides the basis for our decision.

5. The court examined the ordinance carefully before deciding that, under any other interpretation, the ordinance would be meaningless.

The court also reconciled its decision with that in *Bishop, supra,* 426 U.S. 341, 96 S.Ct. 2074. That case dealt with an ordinance that had been interpreted by lower federal courts to allow discretion on the part of the city manager. The court in *Smulski, supra,* reiterated that the determination of a property interest was to be made with reference to state law. As noted in *Bishop, supra,* such an interpretation may be made by the federal district court sitting in that state. 426 U.S. at 345-46, 96 S.Ct. at 2078. As noted in *Smulski, supra,* 435 F.Supp. at 774:

"the mere fact that a Marion, North Carolina, ordinance was not found to create a property interest in a policeman's employment is not dispositive of a similar question concerning a Hammond, Indiana, ordinance."

violated one of the written rules and regulations. The City of Whiting could not deny this expectation and then defend its acts of demotion on the theory that no written rules or regulations had been adopted.[6] *See Grenchik v. State ex rel. Pavlo* (1978), 175 Ind.App. 604, 373 N.E.2d 189.

This expectation constituted a property interest, or legitimate claim of entitlement, which was protected by the due process clause of the Fourteenth Amendment. Due process requires sufficient cause to be established, with charges made, notice given, and a hearing held. A demotion made without these procedures violates due process.

The record shows that appellant policemen were demoted for no cause. The trial court found that they had not been provided with written charges or afforded an opportunity for a hearing.

We hold that appellant policemen were demoted in violation of procedural due process. The proper remedy for a policeman who has been improperly demoted is reinstatement to the rank he held prior to demotion, and payment of the salary differential from the date of demotion. *See Bole v. Civil City of Ligonier* (1959), 130 Ind.App. 362, 161 N.E.2d 189; *City of New Haven v. LeFever* (1968), 143 Ind.App. 88, 238 N.E.2d 487.

One last question remains to be resolved. Among the group of appellant policemen is the former Chief of Police, Raymond Warzyniak. Like the other former officers, he was demoted to patrolman on January 1, 1976. Since he occupied an appointed position at the pleasure of the Mayor, the city of Whiting argues that he could be assigned to any position on the force, as long as he retained a place with the police department.

By statute, the Mayor of Whiting has the power to appoint a Chief of the police department. IC 1971, 18-2-1-5, Ind.Ann.Stat. § 48-1217 (Burns Code Ed.). As a corollary, the Mayor has the power to replace the Police Chief. However,

---

6. On the other hand, the evidence shows that the policemen were aware of a variety or rules and regulations to which they were required to conform their behavior.

"if such chief, when appointed, came from a lower rank in the police force he can only be demoted and can be removed from the force only after charges are filed and served upon him and a hearing held by the board of public safety." *State v. Reichert* (1948), 226 Ind. 358, 80 N.E.2d 289, 291.

We interpret the language in *Reichert* as prohibiting any demotion of a police chief from his previously-held rank unless charges are filed and a hearing held prior to the demotion. In this case, Warzyniak occupied the rank of Captain prior to his appointment as Police Chief. After his tour of duty as Police Chief, he was demoted to the rank of patrolman. In Indiana,

"The General Assembly has recognized the sound policy of retaining in the public service policemen and firemen who have become increasingly valuable by reason of their experience and has, by statute, assured these public servants an indefinite tenure of position during good behavior and satisfactory performance of their duties." *State ex rel. Felthoff v. Richards* (1932), 203 Ind. 637, 180 N.E. 596, 598.

*See also Bole, supra,* 161 N.E.2d 189.

Clearly the drastic measure of demoting a former Police Chief to Patrolman is not in the best interests of either the department or the public. A Police Chief who has served in increasingly responsible positions, as did appellant Warzyniak, brings valuable experience to the office of Chief. Such experience should be even greater after his tenure as Chief. A Mayor who would demote a Chief to Patrolman squanders these resources.

The original policy which allowed Mayors to terminate and replace a Police Chief arose when the new appointment was made from outside the department. The trend over the years, however, has been toward a completely professional force: the Police Chief must be appointed from within the department, after a minimum number of service years. Some cities require that the Chief be appointed from the ranks of Captains or Lieutenants.

A policy that would allow a Police Chief to be demoted back to Patrolman, but that protects the other police officers from any demotion without cause, would result in a curious situation. A policeman who

had received progressive promotions until he had achieved the position of Captain or Lieutenant might refuse to assume the position of Police Chief, knowing that, upon election of a new Mayor, he could be demoted to the lowest position on the force, with a consequent loss of pay and benefits. Only those policemen at the lowest ranks would have nothing to lose by becoming Police Chief.

Although we do not propose to protect a Police Chief from replacement by a newly-elected Mayor, this court recognizes that a former Police Chief requires protection as a member of the police department. Because of his tenure as Chief, he should not lose his right to the status he acquired in his prior years as a protected member of the force.

We hold that, when a City may demote a policeman only for cause, this protection extends to a Police Chief to protect him at the level he attained in his years as a Police Officer. Upon replacement as Chief, then, he must be reinstated to the position he occupied prior to his appointment as Chief, unless a cause determination is made, as would occur for any other demotion. If such a position is not open (as, when the new Chief was not appointed from the same rank), he must be assigned to the open position that is closest in rank to his prior office, with an option to assume his former position when it becomes vacant.

We reverse and remand to the trial court, with instructions to order reinstatements and damages, in accordance with this opinion.

Buchanan, C.J., (by designation), concurs;

Hoffman, J., concurs in Part and Dissents in Part, with opinion.

## OPINION CONCURRING IN PART: DISSENTING IN PART

HOFFMAN, J.—I concur in the opinion as to all the appellants except Raymond Warzyniak, former chief of police. Under Indiana statutes the mayor of Whiting has the power to appoint a chief of the police department. The chief of police serves at the will of the mayor. The mayor may replace the chief at any time without stating a reason or affording a hearing. Neither state statutes or city ordinances of the City of Whiting make any provisions for demoting the chief. He cannot be removed from

the force except by bringing charges and after a proper hearing as provided by city ordinances and state statutes. Therefore, the former chief may be demoted to any rank within the department without reason or affording a hearing.

The majority opinion is indulging in judicial legislation by writing into the city ordinance by judicial fiat a provision not enacted by the legislative body of the city (city council). Whether a mayor wishes to squander the resources of a former police chief is entirely within his province and since there is no city ordinance or state statute providing otherwise the same should be unhampered and left to the judgment of the mayor. I would therefore reverse as to all appellants except Raymond Warzyniak who's cause should be affirmed.

NOTE—Reported at 379 N.E.2d 997.