Donald HOWARD, Jr., Appellant
(Plaintiff Below),

v.

CITY OF KOKOMO, Appellee
(Defendant Below).

No. 4–681A32.

Court of Appeals of Indiana,
Fourth District.

Dec. 30, 1981.

Rehearing Denied Feb. 12, 1982.

Charles H. Scruggs, Kokomo, for appellant.

Kenneth J. Ferries, City Atty., Kokomo, for appellee.

YOUNG, Judge.

Donald Howard Jr. filed a complaint in the trial court seeking review of the decision of the Kokomo Board of Public Works and Safety reducing him in grade from Chief of Police to Patrolman. He now appeals the trial court's dismissal of the complaint, pursuant to Ind. Rules of Procedure, Trial Rule 12(B)(6), for failure to state a claim upon which relief can be granted.

We reverse.

1. I.C. 18–1–11–3 as it existed in 1978 provided in part:
   "Except in consolidated first-class cities, every member of the fire and police forces, with the exception of the fire and police chiefs, including police radio operators and police signal and fire alarm operators, appointed by the mayor, the commissioners, shall hold office or grade until they are removed by said board. They may be removed for any cause other than politics, after written notice is served upon such member in person or by copy left at his last and usual place of residence notifying him or her of the time and place of hearing, and after an opportunity for a hearing is given, if demanded, and the written reasons for such removal shall be entered upon the records of such board. On the conviction in any court of a member of the said fire or police force, with the exception of the fire and police chiefs, including police radio operators and police signal and fire alarm operators, of any crime, or upon a finding and decision of the board that any such member has been or is guilty of neglect of duty, or of the violation of rules, or neglect

Howard was Chief of Police of the Kokomo, Indiana Police Department on January 2, 1980 when the newly elected officials reduced him in grade from Chief of Police to Patrolman. Before his appointment as Chief of Police, he was Assistant Chief. Howard appealed this decision by filing a complaint. The trial court dismissed this complaint pursuant to T.R. 12(B)(6) and in ruling upon the Motion to Correct Errors concluded "that the Plaintiff, Donald Howard Jr., as Chief of Police of the City of Kokomo on January 2, 1980, was excepted and excluded from the terms and provisions and procedural requirements of I.C. 18–1–11–3 as effective on such date."

■ Howard contends that the trial court erred in concluding that he failed to state a claim upon which relief can be granted. In reviewing a dismissal of a complaint, the Court of Appeals must determine whether, in a light most favorable to plaintiff and with every intendment regarded in his favor, the complaint is sufficient to constitute any valid claims. *Morris v. City of Kokomo*, (1978) Ind.App., 381 N.E.2d 510; *Pruden v. Trabits*, (1977) Ind.App., 370 N.E.2d 959.

Howard recognizes, as the trial court did, that Ind.Code 18–1–11–3 as it existed in 1978[1] specifically excludes the Chief of Po-

or disobedience of orders, or of incapacity, or absence without leave, or immoral conduct, or conduct injurious to the public peace or welfare or conduct unbecoming an officer, or other breach of discipline, such commissioners shall have power to punish the offending party by reprimand, forfeiture, suspension without pay, dismissal, or by reducing him or her to a lower grade and pay. Upon any investigation of the conduct of any member of the fire or police force, with the exception of the fire and police chiefs, or upon the trial of any charge preferred against any member of either of such forces, such board of commissioners shall have power to compel the attendance of witnesses, and to examine them under oath, and to require the production of books, papers and other evidence, at any meeting of such board, and for that purpose may issue subpoenaes and cause the same to be served and executed in any part of the county where such city is located. IC 18–1–4–2, in respect to any witness who shall refuse to testify, or to produce books or papers in his or her possession or under his or her control, in investigation and impeach-

lice from the right to notice of removal or demotion and a hearing on cause given to other policemen. However, he argues that the above section does provide him with a legitimate claim of entitlement to his position of rank held prior to his appointment to Chief of Police and that the exclusion applies only to the procedural requirements of notice and hearing. Therefore, he argues that the complaint is sufficient to state a valid claim because he was reduced to a grade below that which he held before his appointment as Chief of Police. We agree.

*State ex rel. Warzyniak v. Grenchik,* (1978) Ind.App., 379 N.E.2d 997 presented a similar situation. In *Warzyniak,* a city ordinance permitted discharge, suspension, or demotion of policemen only for specified reasons. In addition, I.C. 18–1–11–3 as it existed in *Warzyniak,* was similar to the 1978 amended version except it did not include police demotions. *See Jenkins v. Hatcher,* (1975) 163 Ind.App. 95, 322 N.E.2d 117. A reading of the statute and ordinance together presented a requirement like the statute here in that it prevented the city from demoting policemen except upon a showing of cause. The court held that the mayor had the power to appoint the Chief and, conversely, he had the power to replace him. *Warzyniak, supra.* However, the Police Chief could not be reduced to a rank lower than he held prior to assuming the position of Chief without a hearing for cause. *Id. See also Sheridan v. Town of Merrillville,* (1981) Ind.App., 428 N.E.2d 268. In so holding they said:

> "... [W]hen a City may demote a policeman only for cause, this protection extends to a Police Chief to protect him at the level he attained in his years as a Police Officer. Upon replacement as Chief, then, he must be reinstated to the position he occupied prior to his appointment as Chief, unless a cause determination is made, as would occur for any other demotion."

ment proceedings before the common council, or any committee thereof, so far as applicable, shall govern in like case before such board of public safety or the board of metro-

Because I.C. 18–1–11–3, as it existed in 1978, comprehended demotions, it also prevented a city from demoting a policeman except upon a showing of cause. As the appellee City notes *State v. Reichert,* (1948) 226 Ind. 358, 80 N.E.2d 289, cited in *Warzyniak, supra,* involved a statute which applied to police chiefs as well as policemen. The statute as it existed in *Warzyniak* did not. However, we believe the reasoning and holding in *Warzyniak* are sound.

> "A policy that would allow a Police Chief to be demoted back to Patrolman, but that protects the other police officers from any demotion without cause, would result in a curious situation. A policeman who had received progressive promotions until he had achieved the position of Captain or Lieutenant might refuse to assume the position of Police Chief, knowing that, upon election of a new Mayor, he could be demoted to the lowest position on the force, with a consequent loss of pay and benefits. Only those policemen at the lowest ranks would have nothing to lose by becoming Police Chief.
>
> Although we do not propose to protect a Police Chief from replacement by a newly-elected Mayor, this court recognizes that a former Police Chief requires protection as a member of the police department. Because of his tenure as Chief, he should not lose his right to the status he acquired in his prior years as a protected member of the force."

*Warzyniak, supra* at 1003.

Moreover, the rule construing statutes according to the spirit of the law is especially applicable if adherence to the letter of the law would lead to absurdity. *Town of Kewanna Water Works v. Indiana Employment Security Board,* (1961) 131 Ind. App. 400, 171 N.E.2d 262. If the Mayor could demote the Police Chief to the lowest position on the force, he would be able to easily and completely circumvent the statute and its protection by appointing a po-

politan police commissioners, and the proper court may compel, by attachment, committment or other punishment, compliance with the order...."

liceman to Chief of Police and then a short while later demoting him to Patrolman. Accepting the City's assertion that the Police Chief is not entitled to his former rank, would lead us to an absurd result contrary to the purpose and intent of the Legislature. Therefore, we accept the rationale of the *Warzyniak* court and hold that Howard's complaint did state a valid claim for relief.

We reverse.

MILLER, P. J., and CONOVER, J., concur.